## UNION GAS & ELECTRIC CO v COFFMAN

Ohio Appeals, 1st Dist, Hamilton Co

No 3938. Decided Dec 14, 1931

Joseph Heintzman, Cincinnati, for plaintiff in error.
Powell Crosley, Cincinnati, for defendant in error.

ROSS, PJ.

The controlling facts are not in dispute.

The defendant in error drew and delivered to the plaintiff in error a check upon a bank in which he had no funds to meet its payment. He had repeatedly done the same thing before. A warrant was issued at the instance of plaintiff in error and defendant in error was arrested and prosecuted through the efforts of plaintiff in error. Although bound over to the grand jury by the Municipal Court of Cincinnati, his case was ignored by the grand jury.

An employee of plaintiff in error testified in substance:

"The plaintiff then in his behalf recalled Mr. Flocken and asked him whether or not Mr. Coffman was not arrested so as to enforce collection of the check. The witness stated that was not exactly the reason that he had the plaintiff arrested, but that he (plaintiff) had been issuing bad checks over a period of two years and the law of Ohio was that the issuance of checks of that kind was a crime and anybody knew that if it was against the law to issue a check without funds, it was a crime."

"The witness was then asked if the warrant had not been issued for the purpose alone of effecting collection on the check, to which the witness answered 'no but they wanted to clear up the check' and thereupon the plaintiff rested his case."

The petition states that the prosecution was fasely and maliciously instituted and without probable cause. The defense sets up facts which under §710-176 GC makes a prima facie case in a criminal prosecution of a violation of the statute.

"Any person, who, with intent to defraud, shall make or draw or utter or deliver any check, draft or order for the payment of money upon any bank or other depository, who, at the time thereof, has insufficient funds or credit with such bank or depositary, shall be guilty of a felony, and upon conviction thereof shall be fined not less than fifty dollars and not more than two hundred dollars, or imprisoned in the Ohio state penitentiary for not less than one year nor more than three years or both.

"Prima Facie Evidence of Intent to Defraud. As against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud, and knowledge of insufficient funds in, or credit with, such bank or other depository. The word "credit" as used herein shall be construed to mean any contract or agreement with the bank or depository for the payment of such check, draft or order, when presented."

These facts are not denied and are sustained by the record.

No suggestion is made in the record of any honest purpose in drawing the checks upon a bank in which the defendant in error knew he had no account, nor in the absence of an understanding with the Bank by custom or otherwise securing credit, can any honest motive be suggested for drawing a check under such circumstances.

That the plaintiff in error was successful after the arrest in securing payment of the concurrent civil obligation to pay the check is of no moment in this proceeding.

The fact that the defendant in error had previously violated the law and laid himself open to criminal prosecution is in no way controlling in the presence of facts which the statute has specifically provided raise a presumption of intent to defraud.

454

It would seem most unjust and a complete subversion of substantial justice if the plaintiff in error is to be penalized in this proceeding for former leniency. The satisfaction of the several civil obligations to pay checks previously issued without funds in no way creates an intent to defraud in the instant case, nor negatives the intent which the statute presumes to exist when a check is drawn upon a bank not containing funds to meet it.

It is very difficult to see how former leniency of the plaintiff in error can be used in any way to create in the mind of defendant in error at the time he drew the check in question a state of mind in which was no intent to defraud, when it is borne in mind that at this time he knew he had no funds in the bank upon which he drew the check.

The fact that the trial court in its judgment found the verdict so excessive as to reduce it from $1,000 to $500 is strongly indicative that it was not wholly satisfied, especially as there was evidence justifying the original amount of the verdict if the defendant in error was entitled to any sum whatever.

The judgment ought to have been rendered for the plaintiff in error.

The judgment of the Court of Common Pleas is reversed, and there being no dispute as to the essential facts, judgment will be entered here for the plaintiff in error.

HAMILTON and CUSHING, JJ, concur.